IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

**CHRISTOPHER BERNARD BROWN,** :
:
**Plaintiff,** :
v. : CASE NO. 5:16-CV-323-MTT-CHW
:
**GEO MEDICAL,** *et al.***,** :
:
**Defendants.** :
_____

**ORDER**

*Pro se* Plaintiff Christopher Bernard Brown, who is presently incarcerated at Riverbend Correctional Facility in Milledgeville, Georgia, has filed a complaint seeking relief pursuant to 42 U.S.C. § 1983. Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," the Court is required to conduct a preliminary screening of his Complaint. *See* 28 U.S.C. § 1915A(a). Having now done so, the Court finds that each of Plaintiff's claims fails to state a claim upon which relief may be granted and that his claims are subject to dismissal under 28 U.S.C. § 1915A. Plaintiff will be permitted to proceed *in forma pauperis* for purposes of this dismissal only.

    **I.**    **Preliminary Screening**

        A.  Standard of Review

When conducting preliminary screening under 28 U.S.C. § 1915A, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). *Pro se* pleadings, like the one in this case, are "held to a less

stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Id.* (internal quotation marks omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting

2

under color of state law. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

### B. Factual Allegations

According to Plaintiff's Complaint, on April 29, 2016, Plaintiff was at an outpatient dentist office where he was scheduled to have a tooth extracted. (Compl. 5, ECF No. 1.) While he was in the office, he was shackled at his feet and handcuffed at his wrists. *Id.* A nurse informed Plaintiff he would be receiving treatment in another room, and as Plaintiff got up to leave, he caught his shackles on a chair and fell, hurting his shoulder and back. *Id.* Plaintiff contends a nurse and officer helped him to his feet; a doctor asked if he was "alright" and Plaintiff "said yes." *Id.* Plaintiff alleges, however, that the doctor did not properly assess Plaintiff's injuries from the fall and simply "put [Plaintiff] under the gas" so he could have his tooth extracted. *Id.* After Plaintiff arrived back at the jail, he contends no one filed an incident report regarding his fall. *Id.* Plaintiff went to medical the next day and was given some "muscle rub" but apparently received no further treatment. *Id.* Plaintiff does not identify any particular individual as a Defendant in this case, but instead names various entities as being liable for his injuries for which Plaintiff seeks compensatory damages as well as medical treatment for his shoulder and back. *Id.* at 1, 6.

### C. Plaintiff's Claims

#### 1. Claims against the "Geo" Defendants

Plaintiff has named "Geo Medical" and the "Geo Group Inc." as Defendants in this action. To the extent Plaintiff intends to hold these entities liable for a constitutional violation, those claims must fail. It appears that "Geo Medical" and/or the "Geo Group" are private contractors that arrange for or provide medical care for inmates. (*See* Compl. 5.) Such private contractors who provide prison services cannot be held liable under § 1983 unless the alleged constitutional deprivation occurred as a direct result of the contractor's official policies or customs. *See Flakes v. Donald*, No. CV507-97, 2008 WL 3925177, at *1 (S.D. Ga. May 15, 2008); *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978)); and *Harvey v. Harvey*, 949 F.2d 1127, 1129-30 (11th Cir. 1992)); *see also Buckner v. Toro*, 116 F.3d 450, 452 (11th Cir. 1997) (per curiam) (holding that when a private corporation contracts with the county to provide medical services to inmates, the entity should be treated as a municipality). Plaintiff has not alleged that either of these "Geo" entities maintained any policy or custom that resulted in the denial of Plaintiff's constitutional rights. Thus, Plaintiff's claims against "Geo Medical" and the "Geo Group Inc." must be **DISMISSED without prejudice.**

#### 2. Claims against the Georgia Department of Corrections

Plaintiff also raises claims against the Georgia Department of Corrections. These claims are also subject to dismissal. As a state entity, the Georgia Department of Corrections is entitled to Eleventh Amendment immunity. *See Stevens v. Gay*, 864 F.2d 113, 115 (11th Cir. 1989) ("The Eleventh Amendment bars [the plaintiff's § 1983] action

4

against the Georgia Department of Corrections[.]"); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989) (states and governmental entities that are considered "arms of the state" are not considered "persons" capable of being sued under § 1983). Accordingly, Plaintiff's § 1983 claims against the Georgia Department of Corrections must be **DISMISSED.**[1]

### 3. Claims against Riverbend Correctional Facility

To the extent Plaintiff attempts to name the Riverbend Correctional Facility as a Defendant in this lawsuit, such claims must also fail. A state prison is considered an arm of the State and is therefore entitled to Eleventh Amendment immunity. *See Will*, 491 U.S. at 71; *Carter v. Ga. Dep't of Corr.*, No. 5:09-CV-131 (HL), 2010 WL 1931097, at *1 (M.D. Ga. May 12, 2010); *see also Allen v. Brown*, No. CV 112-052, 2013 WL 1333175, at *3 (S.D. Ga. Mar. 7, 2013) (holding that a jail or prison is not a legal entity subject to liability in a § 1983 claim). Thus, any claims against Riverbend Correctional Facility must be **DISMISSED.**

### 4. Medical Treatment Claims

Even if Plaintiff had identified appropriate Defendants in this case, his claims would still be subject to dismissal. Construing Plaintiff's allegations liberally, as the Court must at this stage, it appears Plaintiff may be trying to allege that Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth

---

[1] To the extent Plaintiff seeks to bring a claim against the Department of Corrections "medical staff," (*see* Compl. 4), these claims likewise fail because a "medical staff" is not a legal entity capable of being served or sued. *See, e.g., Simrin v. Correctional Med. Servs.*, No. Civ. 05-2223 RBK, 2006 WL 469677, at *3-4 (D.N.J. 2006) (unpublished) (collecting cases holding that a prison medical staff is not a suable entity).

Amendment.  *See Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). "To show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry." *Id.* at 1243.  A plaintiff must first "set forth evidence of an objectively serious medical need," and must also "prove that the prison official acted with an attitude of 'deliberate indifference' to that serious medical need." *Id.*  In other words, prison officials must both "know of and then disregard an excessive risk to the prisoner." *Dunn v. Martin*, 178 F. App'x 876, 877 (11th Cir. 2006) (per curiam).  "Mere negligence in diagnosing or treating a medical condition, or even medical malpractice, does not state an Eighth Amendment claim of medical mistreatment." *Id.*  Moreover, "[w]hether prison officials should have employed additional diagnostic techniques or care is an example of medical judgment and not an appropriate basis for § 1983 liability." *Id.*

Plaintiff has failed to establish a serious medical need.  A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Farrow*, 320 F.3d at 1243 (internal quotation marks omitted).  "In either of these situations, the medical need must be 'one that, if left unattended, 'pos[es] a substantial risk of serious harm.'" *Id.* (quoting *Farmer v. Brennan,* 511 U.S. 825, 834 (1994) (alteration in original)).  Apart from speculation that he "could have went into a coma or had a seizure" after his fall and his conclusory assertion that he "hurt" his shoulder and back, Plaintiff does not describe the precise nature of any injury he suffered, whether it would have been so obvious that prison officials should have recognized the

6

need for medical treatment, or that his condition would have posed a substantial risk of serious harm if left unattended.

Even assuming Plaintiff had established a serious medical need, he has failed to allege sufficient facts to allow the Court to conclude that any individual was deliberately indifferent to that serious medical need. To establish "deliberate indifference," to a serious medical need, Plaintiff must also show that a Defendant had (1) subjective knowledge of a risk of serious harm, and (2) disregarded that risk (3) by conduct that is more than gross negligence. *See McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999); *Townsend v. Jefferson County*, 601 F.3d 1152, 1158 (11th Cir. 2010). Plaintiff does not allege that any person in this case was subjectively aware that Plaintiff had any sort of medical condition that required treatment in addition to the treatment Plaintiff acknowledges he received. At most, Plaintiff states that he saw a doctor after his fall, but he admits he "didn't say nothing about" the fall because his "shoulder wasn't hurting at the time and [he] thought the officer was gonna report it." (Compl. 5.) Plaintiff's medical care claims must therefore be **DISMISSED without prejudice.**

### III. Conclusion

For the foregoing reasons, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted as to each of the named Defendants. Pursuant to 28 U.S.C. § 1915A, Plaintiff's claims against Geo Medical and the Geo Group, as well as his claims regarding his lack of medical treatment, are therefore **DISMISSED without prejudice**, and his claims against the Riverbend Correctional Facility and the Department of Corrections are **DISMISSED**.

**SO ORDERED**, this 26th day of August, 2016.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
